Michael K. Friedland (SBN 157,217)
michael.friedland@knobbe.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Andrew B. Schwaab (SBN 220,743)
andrew.schwaab@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiffs
LF CENTENNIAL LIMITED
WHALEN LLC and
WHALEN LIMITED

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LF CENTENNIAL LIMITED, a British Virgin Islands Company, WHALEN LLC, a California Limited Liability Company, and WHALEN LIMITED, a Hong Kong Company,<br><br>Plaintiffs,<br><br>v.<br><br>AVISTA GROUP CORPORATION, an Illinois company,<br><br>Defendant. | Civil Action No. '17CV1552 LAB BGS<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs LF Centennial Limited ("LF Centennial"), Whalen LLC, and Whalen Limited (collectively, "Plaintiffs") hereby complain of Avista Group Corporation ("Defendant") and allege as follows:

## I. JURISDICTION AND VENUE

1.  This Court has original subject matter jurisdiction over the patent infringement claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.  This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district including by selling and offering for sale infringing products in this judicial district, and by committing acts of infringement in this judicial district, including but not limited to selling infringing products directly to consumers and/or retailers in this district and selling infringing products into the stream of commerce knowing such products would be sold in California and this district, which acts form a substantial part of the events or omissions giving rise to Plaintiffs' claim.

3.  Venue is proper in this judicial district under 28 U.S.C. § 1400 because Defendant has committed acts of patent infringement by selling and offering to sell products that infringe Plaintiffs' patents in this district, and because Defendant has a regular and established place of business in this district, at least by consistently transacting and soliciting business in the district.

## II. THE PARTIES

4.  Plaintiff LF Centennial Limited is a British Virgin Islands company having its principal place of business at Vistra Corporate Services Centre, Wickhams Cay II, Road Town, Tortola, VG1110, British Virgin Islands.

5.  Plaintiff Whalen LLC is a California Limited Liability Company having its principal place of business at 818 West Seventh Street, Los Angeles, CA 90017.

///

- 1 -

6. Plaintiff Whalen Limited is a Hong Kong Company having its principal place of business at 1/F., Hong Kong Spinners Industrial Building, Phases I & II, 800 Cheung Sha Wan Road, Kowloon, Hong Kong.

7. Plaintiffs are informed and believe and, based thereon, allege that Avista Group Corporation is an Illinois company having its principal place of business at 955 Pratt Boulevard, Elk Grove Village, Illinois 60007.

8. Plaintiffs are informed and believe and, based thereon, allege that Defendant has committed the acts alleged herein within this judicial district.

### III. GENERAL ALLEGATIONS

9. Plaintiffs are leaders in the field of entertainment consoles and equipment, including television supports, television mounting kits, and "3-in-1" television stand systems. Plaintiffs have spent considerable time, effort and money to develop their innovative and proprietary technology, which are protected by numerous United States patents.

10. On December 20, 2011, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued U.S. Patent No. 8,079,311 ("the '311 Patent"), titled "TELEVISION SUPPORT AND MOUNTING KIT." The USPTO conducted an Inter Partes Reexamination of the '311 patent and issued an Inter Partes Reexamination Certificate on December 27, 2016, confirming the patentability of all claims reexamined, as US 8,079,311C1 ("the '311 C1 Patent"). A true and correct copy of the '311 Patent including its Inter Partes Reexamination Certificate is attached hereto as Exhibit 1.

11. On January 7, 2014, the USPTO duly and lawfully issued U.S. Patent No. 8,622,005 ("the '005 Patent"), titled "TELEVISION SUPPORT AND MOUNTING KIT." A true and correct copy of the '005 Patent is attached hereto as Exhibit 2.

12. On June 16, 2015, the USPTO duly and lawfully issued U.S. Patent No. 9,055,814 ("the '814 Patent"), titled "TELEVISION SUPPORT AND

MOUNTING KIT." A true and correct copy of the '814 Patent is attached hereto as Exhibit 3.

13. On December 22, 2015, the USPTO duly and lawfully issued U.S. Patent No. 9,215,927 ("the '927 Patent"), titled "TELEVISION SUPPORT AND MOUNTING KIT." A true and correct copy of the '927 Patent is attached hereto as Exhibit 4.

14. On August 23, 2016, the USPTO duly and lawfully issued U.S. Patent No. 9,420,886 ("the '886 Patent"), titled "TELEVISION SUPPORT AND MOUNTING KIT." A true and correct copy of the '886 Patent is attached hereto as Exhibit 5.

15. On December 13, 2016, the USPTO duly and lawfully issued U.S. Patent No. 9,518,695 ("the '695 Patent"), titled "TELEVISION SUPPORT AND MOUNTING KIT." A true and correct copy of the '695 Patent is attached hereto as Exhibit 6.

16. LF Centennial is the owner of all right, title, and interest in the '311 Patent, the '005 Patent, the '814 Patent, the '927 Patent, the '886 Patent, and the '695 Patent (collectively, "the Asserted Patents"), which are each licensed to Whalen LLC and Whalen Limited.

17. Plaintiffs have provided proper and sufficient notice to Defendant that its products are patented under each of the Asserted Patents by written correspondence dated February 8, 2017, and/or by marking its products pursuant to 35 U.S.C. § 287.

18. Plaintiffs are informed and believe and, based thereon, allege that Defendant imports its products into the U.S. using port facilities located in this State.

19. Plaintiffs are informed and believe and, based thereon, allege that Defendant sells and offers to sell its products through authorized dealers, at least some of which have physical stores within the district.

## IV. COUNT I
## PATENT INFRINGEMENT (35 U.S.C. § 271)

20. Plaintiffs repeat and re-allege the allegations of paragraphs 1-19 of this Complaint as if set forth fully herein.

21. This is a claim for patent infringement under 35 U.S.C. § 271.

22. Plaintiffs are informed and believe and, based thereon, allege that Defendant has knowingly and intentionally infringed and continues to infringe the '311 Patent, either literally or under the doctrine of equivalents, through the manufacture, use, sale, offer for sale, and/or import into the United States of at least each of its Milano Plus, Bellini, Cabello, Capella, Nextor Plus, Nexus 1, Nexus 2, Sovereign Plus, Tucson, Velaro, Visto, Weaver Foldtech, and Phillipsburg products ("Accused Products I").

23. For example, each of the Accused Products I infringes at least claim 1 of the '311 Patent as it is a flat panel console and support kit having a plurality of user assembled configurations; the console assembly includes upper and lower horizontal shelf supports, and is capable of supporting a flat panel TV on an upper surface; the console assembly has a first short spine (1) extending from the floor to an upper shelf support, and (2) forming a structural component of the assembly; the console assembly has a second long spine that (1) extends from the floor to, and above, an upper shelf of the upper surface, (2) terminates in an upper end that provides support for the flat panel TV, and (3) forms a structural component of the assembly; a cantilevered arm extending from an upper end of the second spine; a flat panel TV mounting assembly on the cantilevered arm; and an XYZ flat panel TV mounting frame; the kit having multiple configurations wherein (1) the first spine transfers weight to the floor as a flat panel TV is supported on the upper surface of the upper shelf, (2) the flat panel TV is secured to the XYZ frame, which is secured to a wall above the console, and the first spine is connected to the upper and lower shelf supports,

and (3) the flat panel TV is secured to the XYZ frame, the XYZ mounting frame is secured to the mounting assembly at an upper end of the second spine, and the second spine is secured to the console assembly to support the flat panel TV above the console assembly.

24. Plaintiffs are informed and believe and, based thereon, allege that Defendant has knowingly and intentionally infringed and continues to infringe the '005 Patent, either literally or under the doctrine of equivalents, through the manufacture, use, sale, offer for sale, and/or import into the United States of at least each of its Axxess, Milano Plus, Bellini, Cabello, Capella, Nextor Plus, Nexus 1, Nexus 2, Sovereign Plus, Tucson, Velaro, Visto, Elite Plus, Malibu, Tahoe, Leo, Weaver Foldtech, and Phillipsburg products ("Accused Products II").

25. For example, each of the Accused Products II infringes at least claim 1 of the '005 Patent as it is a flat panel console and support kit for use in a plurality of different configurations, the console and support kit comprising: a flat panel TV console having a front side, a back side and an upper shelf, and having a standalone configuration that supports the TV on an upper surface of the upper shelf; a spine that (1) becomes an integral portion of the console when it is secured to a back side of the console, (2) extends from the back side of the console to above the upper surface of the upper shelf, and (3) terminates in an upper end positioned above the upper shelf when the spine is secured to the console; a flat panel TV mounting assembly secured to an upper end of the spine and providing an elevated support for supporting the TV above the upper surface of the upper shelf of the console; the kit having multiple configurations including (1) a first configuration wherein the flat panel TV is supported on the upper surface of the upper shelf of the console, (2) a second configuration where the TV is secured to the mounting assembly and the flat panel TV mounting assembly is secured to the wall, and (3) a third configuration where the TV is

secured to the mounting assembly and the mounting assembly is secured to an upper end of the spine, wherein the spine is secured to the console to support the TV above the console.

26. Plaintiffs are informed and believe and, based thereon, allege that Defendant has knowingly and intentionally infringed and continues to infringe the '814 Patent, either literally or under the doctrine of equivalents, through the manufacture, use, sale, offer for sale, and/or import into the United States of at least each of its Milano Plus, Bellini, Cabello, Capella, Nextor Plus, Nexus 1, Nexus 2, Sovereign Plus, Tucson, Velaro, Visto, Weaver Foldtech, Rip Tide and Phillipsburg products ("Accused Products III").

27. For example, each of the Accused Products III infringes at least claim 10 of the '814 Patent because it is a flat panel console and support kit for use in a plurality of different configurations, the kit comprising: a flat panel TV console having a front side, a back side, and an upper shelf; a first short spine; a second long spine having a height that extends above an upper surface of the upper shelf and terminating in an upper end that provides an elevated support for the TV; and a flat panel TV mounting structure; the kit having multiple configurations including (1) a first configuration wherein the first spine is secured to the console and the TV is supported on an upper surface of an upper shelf of the console, (2) a second configuration where the TV is secured to the mounting structure and the mounting structure is secured to the wall, and (3) a third configuration where the TV is secured to the mounting structure, the mounting structure is secured to an upper end of the second spine, and the second spine is secured to the back side of the console to support the TV above the console.

28. Plaintiffs are informed and believe and, based thereon, allege that Defendant has knowingly and intentionally infringed and continues to infringe the '927 Patent, either literally or under the doctrine of equivalents, through the

- 6 -

manufacture, use, sale, offer for sale, and/or import into the United States of at least each of the Accused Products III.

29. For example, each of the Accused Products III infringes at least claim 1 of the '927 Patent because it is a flat panel TV console and support kit for use in a plurality of different configurations, the kit comprising: a flat panel TV console having opposing leg structures and an upper shelf; a first short spine that forms a structural support component of the console; a second long spine having a height that extends above an upper surface of the upper shelf and terminating in an upper end that provides an elevated support for the TV, wherein the second spine forms a structural support component of the console; and a flat panel TV mounting structure; the kit having multiple configurations including (1) a first configuration wherein the first spine is secured to a central portion of the console between the leg structures, and the TV is supported on an upper surface of an upper shelf of the console, (2) a second configuration where the TV is secured to the mounting structure and the mounting structure is secured to the wall, and (3) a third configuration where the TV is secured to the mounting structure, the mounting structure is secured to an upper end of the second spine, and the second spine is secured to a central portion of the console between the leg structures to support the TV above the console.

30. Plaintiffs are informed and believe and, based thereon, allege that Defendant has knowingly and intentionally infringed and continues to infringe the '886 Patent, either literally or under the doctrine of equivalents, through the manufacture, use, sale, offer for sale, and/or import into the United States of at least each of its Milano Plus, Bellini, Cabello, Capella, Nextor Plus, Nexus 1, Nexus 2, Sovereign Plus, Tucson, Velaro, Visto, Weaver Foldtech, and/or Rip Tide products ("Accused Products IV").

31. For example, each of the Accused Products IV infringes at least claim 1 of the '886 Patent because it is a flat panel TV console and support kit

for use in a plurality of different configurations, comprising: a flat panel TV console having a front side, a back side, and an upper shelf; a first short spine that forms a structural support component of the console; a second long spine having a height that extends above an upper surface of the upper shelf and terminating in an upper end that provides an elevated support for the TV, wherein the second spine forms a structural support component of the console; and a flat panel TV mounting structure.

32. Plaintiffs are informed and believe and, based thereon, allege that Defendant has knowingly and intentionally infringed and continues to infringe the '695 Patent, either literally or under the doctrine of equivalents, through the manufacture, use, sale, offer for sale, and/or import into the United States of at least each of the Accused Products II.

33. For example, each of the Accused Products II infringes at least claim 1 of the '695 Patent because it is a flat panel TV support system, comprising: a furniture piece having an upper surface with front and rear edges and a back side for facing a wall surface; a flat screen TV support device for supporting a TV above the upper surface, the support device comprising: (1) a pair of panel brackets for securing to the back of a flat screen TV, (2) a TV wall mounting plate having a front side arranged to receive mounting hooks extending from the panel brackets, and having a back side (3) a vertical column having a lower portion removably connected to the back side of the furniture piece at a point above the lower end of the back side of the furniture piece so as to prevent movement of the vertical column, and having an upper portion extending above the upper surface of the furniture piece, (4) a cantilever arm extending from an upper portion of the vertical column, and (5) a screen mounting structure having one side secured to the cantilever arm and a second side secured to the back side of the flat screen TV wall mounting plate; wherein the TV is supported above the upper surface of the furniture piece at a position

between the rear edge and the front edge of the upper surface of the furniture piece, the TV facing forwardly and being visible to a viewer facing a front side of the furniture piece.

34. Defendant's customers and distributors that purchased an infringing product from the Defendant have also infringed each of the Asserted Patents by, for example, using, selling, and/or offering for sale those infringing products.

35. Plaintiffs are informed and believe and, based thereon, allege that Defendant had actual knowledge of each of the Asserted Patents, for example at least through a cease and desist letter that was sent to the Defendant on or about February, 2017.

36. Defendant contributed to the direct infringement of each of the Asserted Patents by its customers and distributors. Defendant also actively induced its customers and distributors to directly infringe each of the Asserted Patents.

37. Plaintiffs are informed and believe and, based thereon, allege that Defendant knew that its customers would infringe each of the Asserted Patents by, for example, using those infringing products during the respective term of each of the Asserted Patents.

38. Plaintiffs are informed and believe and, based thereon, allege that Defendant had the specific intent to induce its customers to infringe each of the Asserted Patents by, for example, using, selling, and/or offering for sale products that infringe the Asserted Patents.

39. Defendant's acts of infringement of each of the Asserted Patents were undertaken without permission or license from Plaintiffs.

40. Defendant's actions constitute willful and intentional infringement of each of the Asserted Patents. Defendant infringed each of the Asserted Patents with reckless disregard of Plaintiffs' patent rights. Defendant knew, or

it was so obvious that Defendant should have known, that its actions constituted infringement of each of the Asserted Patents. Defendant's acts of infringement of each of the Asserted Patents were not consistent with the standards of commerce for its industry.

41. As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that are not presently known to Plaintiffs.

42. Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

43. Pursuant to 35 U.S.C. § 285, Plaintiffs are entitled to reasonable attorneys' fees for the necessity of bringing this claim.

44. Due to the aforesaid infringing acts, Plaintiffs have suffered great and irreparable injury, for which Plaintiffs have no adequate remedy at law.

45. Defendant will continue to infringe Plaintiffs' patent rights to the great and irreparable injury of Plaintiffs, unless enjoined by this Court.

**WHEREFORE**, Plaintiffs pray for judgment in their favor against Defendant for the following relief:

A. An Order adjudging Defendant to have directly infringed, induced the infringement of, and contributorily infringed the Asserted Patents under 35 U.S.C. § 271;

B. A preliminary and permanent injunction enjoining Defendant, its officers, directors, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant, from making, using, selling, offering to sell, and/or importing Defendant's Axxess, Milano, Bellini, Cabello, Capella, Nextor Plus, Nexus 1, Nexus 2, Sovereign Plus, Tucson, Velaro, Visto, Elite plus, Malibu, Tahoe, Leo, Weaver Foldtech, Rip Tide and Phillipsburg products;

*1*        C.    A preliminary and permanent injunction enjoining Defendant, its officers, directors, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant, from infringing the Asserted Patents in violation of 35 U.S.C. § 271, either directly or indirectly;

       D.    An accounting for all of Defendant's gains, profits, and advantages derived by Defendant's infringement of the Asserted Patents in violation of 35 U.S.C. § 271, and an Order that Defendant pay to Plaintiffs actual damages in the form of lost profits, or in the alternative, other damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the patented inventions by Defendant, in accordance with 35 U.S.C. § 284;

       E.    An Order for a trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284;

       F.    An Order adjudging that this case is exceptional under 35 U.S.C. § 285 and ordering Defendant to pay to Plaintiffs their reasonable attorney fees incurred in this action;

       G.    An Order awarding pre-judgment and post-judgement interest and costs as fixed by the Court; and

       H.    Such other and further relief as this Court may deem just and proper.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

| | |
|---|---|
| | Respectfully submitted, |
| | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: August 1, 2017 | By: *s/ Ali S. Razai* |
| | Michael K. Friedland |
| | michael.friedland@knobbe.com |
| | Ali S. Razai |
| | ali.razai@knobbe.com |
| | Andrew B. Schwaab |
| | andrew.schwaab@knobbe.com |
| | |
| | Attorneys for Plaintiffs |
| | LF CENTENNIAL LIMITED |
| | WHALEN LLC and |
| | WHALEN LIMITED |

- 12 -

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 1, 2017

By: *s/ Ali S. Razai*
Michael K. Friedland
michael.friedland@knobbe.com
Ali S. Razai
ali.razai@knobbe.com
Andrew B. Schwaab
andrew.schwaab@knobbe.com

Attorneys for Plaintiffs
LF CENTENNIAL LIMITED
WHALEN LLC and
WHALEN LIMITED

26358030